UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHNNY WHITE,

                Plaintiff,

-against-

THE STATE OF NEW YORK; D.O.C.; C.O. E. TORRES; T. CUNNINGHAM; SGT. M. PANZARELLA; LT. A. PONTANTE; C.O. LAWTON BROWN, JR.; C.O. JOHN DOE,

                Defendants.

19-CV-0543 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated in Attica Correctional Facility, proceeds in this matter *pro se*. Plaintiff commenced this action by filing a request to proceed *in forma pauperis* and a prisoner authorization. He did not file a complaint. By order dated January 18, 2019, the Court directed Plaintiff to submit a complaint within thirty days. By order dated February 22, 2019, the Court dismissed Plaintiff's action because Plaintiff had failed to submit a complaint as directed.

On March 11, 2019, the Clerk's Office received and docketed two documents from Plaintiff: one was a notice of appeal, dated March 7, 2019; the other was a letter, dated March 4, 2019. (*See* ECF Nos. 6 (notice of appeal) and 7 (March 4 letter).) Plaintiff's March 4 letter stated that on February 19, 2019, within the 30 days specified by the January 18 Order, he had sent his complaint to the Court.

For the reasons set forth below, the Court construes Plaintiff's letter as a motion for reconsideration, grants that motion, and vacates the February 22, 2019 Order of Dismissal and Civil Judgment.

# DISCUSSION

Plaintiff's March 4 letter – in which he questions why the Court dismissed his complaint when he had in fact complied with the January 18 Order – can be construed as a motion under Federal Rule of Civil Procedure 60(b) for reconsideration of a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (holding that courts must construe *pro se* pleadings liberally); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) ("The solicitude afforded to *pro se* litigants takes a variety of forms."). But because Plaintiff has filed a notice of appeal, the Court must first address whether it has jurisdiction to rule on Plaintiff's motion.

Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Under the Federal Rules of Appellate Procedure, however, if a party (1) files a motion under Federal Rule of Civil Procedure 60(b) within 28 days after judgment is entered, *see* Fed. R. App. P. 4(a)(4)(A)(vi), and (2) files a notice of appeal before the district court disposes of that motion, then the notice of appeal does not become "effective" until after the district court rules on the motion, *see* Fed. R. App. P. 4(a)(4)(B)(i). That is the case even if the motion is filed the same day as the notice of appeal, *see Sankara v. City of New York*, 745 Fed. App'x 426, 427 (2018) (holding that Court of Appeals lacked jurisdiction where party simultaneously filed notice of appeal with letter that could be construed as a motion for reconsideration under Rule 60(b), Fed. R. Civ. P.), or if it is filed *after* the notice of appeal, *see* advisory committee note to 1993 amendment ("A notice filed before the filing of one of the specified motions … is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.").

Plaintiff filed his motion for reconsideration within 28 days of entry of judgment and filed his notice of appeal before the Court disposed of that motion. The Court therefore has jurisdiction to address the motion.

Under Rule 60(b), Fed. R. Civ. P., a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

In his motion, Plaintiff states that he complied with the Court's January 18, 2019 Order by submitting a complaint within 30 days. A review of the Court's records reveals that Plaintiff's complaint was received by the Court on February 25, 2019, and although Plaintiff included the docket number for this case, the Clerk of Court opened the complaint as a new civil action and assigned a new docket number. *See White v. The State of New York*, No. 19-CV-1828, ECF No. 1.

Because Plaintiff's motion shows that he did comply with the January 18 Order, the Court grants Plaintiff's motion for reconsideration, vacates the February 22, 2019 Order of Dismissal and Civil Judgment (ECF Nos. 4, 5), and directs the Clerk of Court to reopen this action. The Court further directs the Clerk of Court to docket the complaint in *White*, No. 19-CV-1828, as the complaint in this case and to administratively close *White*, No. 19-CV-1828.

## CONCLUSION

Plaintiff's motion for reconsideration (ECF No. 7) is granted. The Court vacates the February 22, 2019 Order of Dismissal and Civil Judgment (ECF Nos. 4, 5) and directs the Clerk of Court to:

3

1. reopen this action;

2. docket the complaint that is currently docketed at ECF No. 1 in *White*, No. 19-CV-1828 as the complaint in this case and to administratively close *White*, No. 19-CV-1828;

3. docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002;

4. mail a copy of this order to Plaintiff and note service on the docket;

5. deliver a copy of this order to the Clerk of the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 25, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge