UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHNNY WHITE JR.,

                    Plaintiff,

           -against-

THE STATE OF NEW YORK; D.O.C.; C.O. E.
TORRES; C.O. T. CUNNINGHAM; SGT. M.
PANZARELLA; LT. A. PONTANTE; C.O.
LAWTON BROWN JR.; C.O. JOHN DOE,

                    Defendants.

19-CV-0543 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

Plaintiff, currently incarcerated at Attica Correctional Facility, brings this *pro se* action

under 42 U.S.C. § 983, alleging excessive force. By order dated March 28, 2019, the Court

granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any

of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572

F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.      The State of New York and D.O.C.[2]**

Plaintiff's claims against the State of New York and D.O.C. must be dismissed. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* DOCCS, as an arm of the state, stands in the same position as the State of New York. *See Bryant v. New York State Dep' t of Corr. Servs. Albany*, 146 F. Supp. 2d 422, 426 (S.D.N.Y. 2001) ("Sing Sing, as a part of DOCS, a state agency, is considered an arm of the state and stands in the same position as the State.") (quoting *Jones v. Bishop*, 981 F. Supp. 290, 295 (S.D.N.Y. 1997)). New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66-71 (1989) (holding that neither a state nor its officials acting in their official capacities are "persons" under § 1983). Plaintiff's § 1983 claims against the State of New York and D.O.C. are therefore dismissed.

---

[2] To the extent that Plaintiff seeks to assert claims against the New York State Department of Correctional Services, the Court notes that in 2011, the New York State Department of Correctional Services and the New York State Division of Parole merged to form the New York State Department of Corrections and Community Supervision (DOCCS).

**B.** **Service on C.O. E. Torres, C.O. T. Cunningham, Sgt. M. Panzarella, Lt. A. Pontante, and C.O. Lawton Brown Jr.**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d. 119, 123 (2d Cir. 2013); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Rule 4(m) of the Federal Rules of Civil Procedure generally requires service of the summons and complaint to be completed within 90 days of the date the summons issues, and it is Plaintiff's responsibility to request, if necessary, an extension of time for service. *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). *But see Murray v. Pataki*, 278 F. App'x 50, 51-52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants C.O. E. Torres, C.O. T. Cunningham, Sgt. M. Panzarella, Lt. A. Pontante, and C.O. Lawton Brown Jr. through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## C.    John Doe Defendant

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit DOCCS to identify the John Doe correction officer involved in the events that took place on March 1, 2018, at Sing Sing Correctional Facility. It is therefore ordered that the New York State Attorney General, who is the attorney for and agent of DOCCS, shall ascertain the identity of the John Doe Defendant whom Plaintiff seeks to sue here and the address where this Defendant may be served. The New York State Attorney General shall provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe Defendant. The amended complaint will replace, not supplement, the original complaint. An Amended Civil Rights Complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the address for the named John Doe Defendant and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the State of New York and D.O.C. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for C.O. E. Torres, C.O. T. Cunningham, Sgt. M. Panzarella, Lt. A. Pontante, and C.O.

Lawton Brown Jr. and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York State Attorney General at: 28 Liberty Street, 15th Floor, New York, New York 10005.

An "Amended Complaint" form is attached to this order.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     6/24/19
            White Plains, New York

                                        _____
                                        CATHY SEIBEL
                                        United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. C.O. E. Torres
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562

2. C.O. T. Cunningham
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562

3. Sgt. M. Panzarella
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562

4. Lt. A. Pontante
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562

5. C.O. Lawton Brown Jr.
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

-against-

_____
_____
_____
_____
_____
_____

Jury Trial:  ☐ Yes     ☐ No

(check one)

___ Civ. _____ (   )

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

I.    **Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of
confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper
as necessary.

Plaintiff's    Name_____
          ID#_____
          Current Institution_____
          Address_____
          _____

B.    List all defendants' names, positions, places of employment, and the address where each defendant
may be served. Make sure that the defendant(s) listed below are identical to those contained in the
above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name _____ Shield #_____
          Where Currently Employed _____
          Address _____
          _____

Defendant No. 2    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant No. 3    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Who did
what?

Defendant No. 4    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant No. 5    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.    Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?

_____

_____


B.    Where in the institution did the events giving rise to your claim(s) occur?

_____


C.    What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____


D.    Facts:_____

What
happened
to you?

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

> **Was anyone else involved?**

_____
_____
_____
_____
_____

> **Who else saw what happened?**

## III.  Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____

## IV.  Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

   Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.   Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _____   No _____   Do Not Know _____

C.   Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____   No _____   Do Not Know _____

If YES, which claim(s)? _____

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _____   No _____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____   No _____

E.   If you did file a grievance, about the events described in this complaint, where did you file the grievance? _____

1.   Which claim(s) in this complaint did you grieve? _____
_____

2.   What was the result, if any? _____
_____

3.   What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process.
_____
_____
_____
_____

F.   If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance, state them here:
_____
_____
_____

_____
_____
_____

2.   If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.   Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount).  _____

_____
_____
_____
_____
_____
_____
_____
_____
_____

_____

_____

_____

_____

**VI.    Previous lawsuits:**

| On these claims |
|---|

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____  No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____

_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____

_____

_____

| On other claims |
|---|

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____  No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____

_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.       Is the case still pending? Yes _____ No _____

            If NO, give the approximate date of disposition_____

7.       What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
            _____
            _____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                     Signature of Plaintiff     _____

                     Inmate Number         _____

                     Institution Address     _____

                                           _____

                                           _____

                                           _____

<u>Note</u>:    All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                     Signature of Plaintiff:     _____