UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHNNY WHITE JR.,

                Plaintiff,

-against-

C.O. E. TORRES, C.O. T. CUNNINGHAM, C.O. LAWTON BROWN JR., C.O. A. LORENZO, SGT. M. PANZERELLA, and LT. A. PONTANTE ,

                Defendants.

19-CV-543 (CS)

ORDER GRANTING REQUEST FOR PRO BONO COUNSEL

---

CATHY SEIBEL, United States District Judge:

    Following today's bench ruling, denying the motion for partial summary judgment of Defendants Eliceo Torres and Tyrone Cunningham, Plaintiff requested the appointment of counsel for trial. For the following reasons, Plaintiff's request is granted.

## LEGAL STANDARD

    The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.* Even if a court believes that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in

order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

On the record at today's bench ruling, Plaintiff requested the appointment of counsel for trial. Plaintiff has represented that he is unable to afford counsel, (ECF No. 10), and because he remains incarcerated, I presume his financial status has not changed. Plaintiff therefore qualifies as indigent.

In the complaint, Plaintiff asserts claims of excessive force, sexual abuse, and failure to protect under 42 U.S.C. § 1983, alleging that corrections officers used excessive force against

2

him on three occasions and, during one of these attacks, an officer sexually abused him by placing his genitals on Plaintiff's head and saying, "You wanna be a dick head, right?" All claims present fact issues requiring resolution at trial, and at least some of them, particularly his claim of sexual abuse, appear to be "of substance." *Hodge*, 802 F.2d 61-62. The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application. Plaintiff is presently incarcerated and has been unable to retain counsel. Plaintiff's case will depend on cross-examination given the corrections officers' denial of the allegations and the case will be presented more clearly and efficiently by counsel. In this case, representation by counsel would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for the appointment of counsel for trial is granted. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case *pro se*. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not. The Court has established a Pro Bono Fund to encourage greater attorney representation of *pro se* litigants. The Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: January 25, 2023
       White Plains, New York

*Cathy Seibel*
CATHY SEIBEL, U.S.D.J.