```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHNNY WHITE, JR.,                         |
                                           |
                    Plaintiff,             |
                                           |          STIPULATION
          -against-                        |
                                           |          19-CV-0543 (CS)
                                           |
C.O. E.A. TORRES, et al.,                  |
                                           |
                    Defendants.            |
------------------------------------------------------------x
```

## STIPULATION

**WHEREAS,** Defendants have agreed to produce to Counsel for Plaintiff a copy of the case file ("Protected Records") designated as Case File IAD/18/0770, prepared by the New York State Department of Corrections and Community Supervision's Office of Special Investigations ("OSI").

**WHEREAS,** said Protected Records include the names of witnesses and other information that could impair future investigations, implicate security concerns, and are protected from disclosure by law enforcement privilege.

**WHEREAS,** the OSI is concerned that its ability to conduct future investigations will be compromised if sufficient measures are not taken to protect the confidentiality of witnesses.

**WHEREAS,** Plaintiff's Counsel recognizes that the Protected Records are confidential and could cause harm if disclosed and acknowledges that Defendants are producing these materials in advance of trial in reliance upon the assurance that the materials will continue to be treated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the terms set forth in this Protective Order.

1

**IT IS THEREFORE AGREED AND STIPULATED,** by and among the parties that:

1. Copies of documents from the OSI Case File in redacted form bearing the designation "CONFIDENTIAL - ATTORNEYS' EYES ONLY" will be produced to Plaintiff's attorney within fourteen (14) days of this agreement being executed by counsel for the parties and So Ordered by the Court.

2. Redactions shall include all social security numbers and personal addresses of any employee of DOCCS or witness contained within the Protected Records as well as the identities and circumstances of other incarcerated individuals unrelated to the claims in this case.

3. The Protected Records may only be disclosed to the following:

    a. Plaintiff's counsel of record and employees of Plaintiff's counsel (e.g. secretaries, legal assistants, paralegals, clerical employees, outside copying and document management service employees working under the direct supervision of Plaintiff's counsel);

    b. The Court, its officers, and its employees;

    c. Court reporter engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents or transcripts; and

    d. Consultants, investigators, or experts engaged by Plaintiff's counsel to assist in the preparation and trial of this action.

4. Prior to disclosure to any individual set forth in paragraph 3(d) above, such individual must be informed of and agree in writing to be subject to the provisions of this Stipulation and Confidentiality Order requiring that the Protected Records and information

contained therein be held in confidence. Such individual must further agree in writing to destroy or return to the disclosing attorney twenty (20) days after termination of this litigation the part of the Protected Record received by such individual, and all copies thereof.

5.  Plaintiff's counsel shall maintain a list setting forth the names and positions of all retained experts to whom any part of the Protected Records has been disclosed. The list shall be made available to Defendants' counsel upon written request in the event that Defendants' counsel has a reasonable basis for believing that this Stipulation and Confidentiality order has been breached or violated in any manner.

6.  The inadvertent failure to redact the information described in this agreement shall not constitute a waiver of any applicable privilege. In the event that counsel for either party becomes aware of the inadvertent failure to redact such information, the document shall be returned to Counsel for the Defendants and replaced with a corrected redacted document. The receiving party will not maintain any record with respect to the identity of the inadvertently disclosed information.

7.  Nothing herein shall be deemed to waive any objection as to the admissibility of evidence.

8.  Nothing herein shall be deemed to waive any applicable privilege.

9.  Protected Records produced pursuant to the terms of the Stipulation and Order shall be used by the receiving party solely for the purposes of this action and solely to the extent necessary for the litigation of this action.

10. Within sixty (60) days after the final disposition of this litigation, including appeals, Counsel for Plaintiff shall: (a) return to Defense counsel the original and/or all copies of the Protected Records designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" and (b) serve upon the producing party a certification that this Protective Order has been fully

complied with by such counsel, along with a certification that no copies were retained, unless there has been any noncompliance, in which event counsel shall state fully in such certification the material facts and circumstances concerning any noncompliance. Any work product which reflects or includes information derived from the Protected Records shall be destroyed and a certification that these documents were destroyed shall be provide to counsel for the Defendant.

      11.    If a dispute arises as to the application of the terms of this Stipulation and Confidentiality order to any part of the Protected Records and cannot be resolved by agreement, the parties, in accordance with the applicable Federal and Local Rules of Civil Procedure, reserve the right to seek an order from the Court regarding the part of the Protected Records in dispute. The terms of this Stipulation and Confidentiality Order shall remain in effect pending resolution of the dispute.

      12.    Any papers filed with the Court in this action which make reference to the Protected Records or contain information derived therefrom shall be filed under seal and shall remain sealed with the office of the Clerk of the Court unless the Court orders otherwise.

      13.    The specific terms of this Stipulation may be clarified or modified upon mutual consent of the undersigned attorneys for the parties. Such clarification or modification will be produced in writing and appended to this agreement and made a part thereof.

      14.    The terms and conditions of this Stipulation shall survive and remain in force after the termination of this action.

15.     The parties may use the Protected Records at trial, and the parties will jointly request the Protected Records to be sealed from public viewing.

Dated:      New York, NY
            May 9, 2023

                                        Arnold & Porter Kaye Scholer LLP
                                        Attorneys for Plaintiff

                                        _____
                                        By: Raina Duggirala
                                        Kristine Itliong
                                        250 West 55th Street
                                        New York, NY 10019-9710
                                        Email:
                                        Raina.Duggirala@arnoldporter.com
                                        Kristine.Itliong@arnoldporter.com

Dated:      White Plains, NY
            May 9, 2023

                                        LETITIA JAMES
                                        Attorney General of the State of New York
                                        Attorney for Defendants

                                        _____
                                        By: Kathryn Martin
                                        Assistant Attorney General
                                        44 South Broadway, 5th Floor
                                        White Plains, NY 10601
                                        (914) 422-8615
                                        Email: Kathryn.martin@ag.ny.gov

SO ORDERED:

_____     5/9/23
Hon. Cathy Seibel

5